**Gurdeep SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70772.

United States Court of Appeals, Ninth Circuit.

Submitted May 27, 2004.*

Decided Nov. 24, 2004.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Richard M. Evans, Esq., Patricia L. Buchanan, DOJ—U.S. Department of Justice, Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

MEMORANDUM**

Gurdeep Singh petitions for review from an affirmance by the Board of Immigration Appeals ("BIA") of the decision of an Immigration Judge ("IJ") denying his 2001 application for asylum. Singh applied for asylum in 1995; his application was denied and he did not appeal. He was therefore ineligible to apply for asylum in 2001, because 8 U.S.C. § 1158(a)(2)(C) provides that an alien is not eligible to apply for asylum "if the alien has previously applied for asylum and had such application denied." Singh does not argue that there

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

were changed circumstances to take into account in 2001. *See id.* at (a)(2)(D).

Singh does argue that his due process rights were violated because the IJ rejected his applications for withholding of removal and Torture Convention relief based on adverse credibility findings made without a complete review of the first asylum proceedings. Specifically, Singh contends the IJ should have reviewed a transcript or the tape of those proceedings rather than rely solely on the written application for asylum. We have held, however, that one is "not deprived of his due process rights because of the absence of a tape recording of his prior deportation proceedings." *United States v. Medina,* 236 F.3d 1028, 1032 (9th Cir.2001).

Moreover, this is not a case in which Singh was denied access to a tape of those proceedings or was denied the opportunity to explain to the IJ why his testimony was in fact consistent. *See Singh v. Ashcroft,* 362 F.3d 1164, 1169–70 (9th Cir.2004). Rather, the IJ in this case noted the tape was available by request and delayed his decision to permit the parties the opportunity to order and review the tape. Under these circumstances, we conclude there was no due process violation. *See Ortiz–Salas v. INS,* 992 F.2d 105, 106 (9th Cir. 1993) (noting a petitioner "who seeks reversal on the grounds of due process that is due to ... an incomplete transcript is ... required to make the best feasible showing he can that a complete and accurate transcript would have changed the outcome of the case"); *see also Lara–Torres v. Ashcroft,* 383 F.3d 968, 973 (9th Cir.2004) (noting petitioner must demonstrate "substantial prejudice" to establish a due process violation).

**PETITION FOR REVIEW DENIED.**